IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELSA HAM-JONES,

        Plaintiff,

v.

UNITED AIRLINES, INC.,

        Defendant.

Case No. 3:11-cv-00355-JPG-DGW

MEMORANDUM & ORDER

    This matter comes before the Court on the defendant's, United Air Lines Inc., (previously improperly named United Airlines), Motion to Dismiss for improper venue (Doc. 5) and memorandum in support (Doc. 6). The plaintiff, Elsa Ham-Jones, filed a response to the motion (Doc. 8), to which the defendant replied (Doc. 9). For the foregoing reasons, the Court grants the defendant's motion (Doc. 5) and transfers the case to the Eastern District of Missouri.

    Motions for transfer of venue or for dismissal for improper venue are governed by the standards set forth in 28 U.S.C. §§ 1404[1] and 1406.[2] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 905 & n. 4 (7th Cir. 1999). The plaintiff has the burden to establish venue is proper. *See e.g., Graves v. Pikulski*, 115 F.Supp.2d 931, 934 (S.D.Ill. 2000); *Emjayco v. Morgan Stanley & Co., Inc.,* 901 F.Supp. 1397, 1400 (C.D.Ill. 1995).

---

[1]Section 1404 reads in pertinent part:
    (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

[2]Section 1406 reads in pertinent part:
    (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

1

To determine which venue statute governs a particular situation, the Court must determine whether venue is proper under 28 U.S.C. § 1391. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). Section 1391 provides in pertinent part that venue is proper in a federal question case in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Following this analysis, § 1404 governs transfer when venue is proper; § 1406 governs transfer or dismissal when venue is improper. Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it.  Transfer avoids the "time-consuming and justice-defeating technicalities" required to re-file a case in a proper venue. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (internal quotations omitted).

The Court has conducted a careful review of the Complaint (Doc. 2) and has determined none of the defendant's actions as alleged by the plaintiff are connected to the Southern District of Illinois.  In Count I, which can be construed as a claim for emotional distress, the acts alleged to have been committed by United Air Lines Inc., have no connection with the Southern District of Illinois. This is also true for Count II, a claim for wrongful discharge which occurred at Lambert Airport in Saint Louis, Missouri. Apart from the plaintiff residing in the Southern District of Illinois, there is absolutely no connection in this case to Illinois whatsoever.

Because the events giving rise to the claims in this case did not occur in the Southern District of Illinois, venue is not proper here under § 1391(b), and the Court must dismiss or

transfer this case pursuant to 28 U.S.C. § 1406(a).  The Court finds that the interest of justice will best be served by transferring this case to the Eastern District of Missouri, where Ms. Ham-Jones could have originally filed this case under § 1391(b) and where, now, she will not have to pay a second filing fee.  Accordingly, the Court **GRANTS** the motion (Doc. 5) and **TRANSFERS** this case to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1406(a).

    **IT IS SO ORDERED.**
    **DATED:** November 16, 2011

                                                         s./ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **DISTRICT JUDGE**